UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-420-H

IN RE:

BUSINESS INTELLIGENT SYSTEMS, LLC                                           DEBTOR
_____

STEVEN A. TURNER                                                           APPELLANT

V.

DOUGLAS WISE                                                                APPELLEE

**MEMORANDUM OPINION AND ORDER**

This case is on appeal from the Bankruptcy Court for the second time. On its first consideration, the Bankruptcy Court had allowed the claim of the Appellee, Douglas Wise, against the estate of Business Intelligent Systems, LLC ("BIS") in the amount of $1,860,000 in loans and the amount of $360,000 in deferred salary. On appeal, Judge Jennifer Coffman of this Court affirmed Appellee's entitlement to the deferred salary. However, she remanded to the Bankruptcy Court for further consideration of whether Appellee's contributions to BIS were debt or equity in light of the factors set forth in *Roth Steel Tube Co. v. Commissioner of Internal Revenue*, 800 F.2d 625, 630-32 (6th Cir. 1986) and for a determination of the amount of salary to be allowed. Specifically, the district court requested a determination of whether Appellee's salary should be prorated over the time that BIS actually remained in business.

On remand, the Bankruptcy Court held an evidentiary hearing and issued opinions from the bench and in the form of a Memorandum Opinion and Order. The Bankruptcy Court analyzed the *Roth* factors and determined Appellee's claim to be for debt in the amount of

$1,860,000. Moreover, the Bankruptcy Court determined that Appellee's salary claim should be prorated for the seventeen months of business operation for BIS. Consequently, the Bankruptcy Court awarded salary in the amount of $255,000. On this second appeal, Appellant, Steven A. Turner, argues that the Bankruptcy Court failed to follow the district court's directions in analyzing whether Appellee's claim should be one for debt or equity under *Roth* and that it erred in determining that Wise was entitled to salary for a seventeen month period.

The Bankruptcy Court appears to have considered all the appropriate *Roth* factors in affirming that Wise was entitled to claim an amount of $1,860,000 on a debt to BIS. Appellant makes a variety of arguments that the Bankruptcy Court has previously considered and rejected. Appellant focuses on his own intentions, even though that does not seem to be a conclusive factor. Notwithstanding the fact that some of Appellant's arguments have appeal, the Bankruptcy Court has applied the correct legal standard to findings of fact which are not clearly erroneous.

Judge Coffman affirmed the Bankruptcy Court's earlier determination that Wise was entitled to his salary. On remand she asked the Bankruptcy Court to address the reasons why that salary should not be prorated. Of course, Appellee would want the full two year salary. Nevertheless, the Bankruptcy Court concluded to prorate the salary over the period of BIS's operation is more appropriate and Appellee has not complained further. The Court finds no reason to suggest that this finding of fact is clearly erroneous.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Memorandum Opinion and Order of the Bankruptcy Court are AFFIRMED. All of the pending motions are MOOT.

       This is a final and appealable order.

cc:    Counsel of Record